IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD MARTIN BURNHAM,

    Petitioner,             No. CIV S-08-2522 DAD P

    vs.

RICHARD B. IVES,

    Respondent.         ORDER

/

        Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks an order requiring respondent to evaluate him forthwith for transfer to a residential reentry center (hereinafter "RRC"). In opposing the granting of relief, respondent contends that: (1) this court lacks subject matter jurisdiction over this petition; (2) petitioner has failed to exhaust his administrative remedies; and (3) that the petition should be dismissed as moot.

        Upon careful consideration of the record and the applicable law, petitioner's application for habeas corpus relief will be denied as moot.

---

[1] Pursuant to consent of the parties, filed October 28, 2008 (Doc. No. 4) and October 30, 2008 (Doc. No. 5), this matter was assigned to a magistrate judge for all purposes. See 28 U.S.C. § 636(c)(1). On May 17, 2010, petitioner filed a "notice of completion and motion for judgment." (Doc. No. 16.) That motion will also be denied.

1

FACTUAL BACKGROUND

On May 19, 2006, petitioner pled guilty in the United States District Court for the Central District of Utah to one count of manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Resp't's Answer, Ex. 2 at 2-7.) Pursuant to that plea petitioner was sentenced to the custody of the United States Bureau of Prisons to be imprisoned for a term of 121 months, a 36-month term of supervised release to commence upon release from imprisonment, restitution in the amount of $3,396.70 and a $100 special assessment. (Id.) The district court made no recommendation to the Bureau of Prisons ("BOP") regarding RRC placement, but did recommend that petitioner be imprisoned in Colorado, that he participate in the Residential Drug Treatment Program, and that he not be housed with his co-defendants. (Id. at 3.) Petitioner was committed to the custody of the BOP on June 23, 2006. (Resp't's Answer, Ex. 1 at 3.)

On October 7, 2008, petitioner requested to be evaluated for transfer to an RRC for the remainder of his sentence. (Resp't's Answer, Ex. 4 at 2.) The BOP denied that request on October 16, 2008. (Id.) Petitioner thereafter filed this federal petition on October 23, 2008. (Doc. No. 1.) Respondent filed an answer on December 29, 2008. (Doc. No. 9.) Petitioner's traverse was filed on January 8, 2009. (Doc. No. 10.)

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

Habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

II. Subject Matter Jurisdiction

As noted above, respondent argues that the petition pending before this court should be dismissed for lack of subject matter jurisdiction because petitioner is not challenging

the fact or duration of his confinement.  (Answer at 14.)  In support of this argument respondent cites the decisions in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003).  (Id. at 16.)

However, petitioner's claim is properly brought under 28 U.S.C. § 2241, and not 28 U.S.C. § 2255, because it concerns the manner, location, or conditions of the execution of his sentence and not the fact of his conviction or sentence.  Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (allowing a federal prisoner to challenge the BOP's restitution policies through a petition filed pursuant to 28 U.S.C. § 2241 ); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (observing that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); see also Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (Although a federal prisoner challenging the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must instead bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.)

Moreover, in Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) the Ninth Circuit affirmed the district court's grant of the very relief requested here, namely, a writ of habeas corpus directing the BOP to afford the petitioner individualized consideration as provided for by statute.  Although the question of subject matter jurisdiction was not expressly raised in Rodriguez, respondent's jurisdictional challenge is inconsistent with the court's decision in that case.  Indeed, the Ninth Circuit has found that the reach of § 2241 extends to the manner of the execution of sentence that were alleged to violate statutory or Constitutional provisions but did not involve a direct or immediate effect on the fact or duration of the petitioner's confinement.  See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining and resolving on a petition pursuant to § 2241 a prisoner's challenge to the BOP's requirement that a federal prisoner pay restitution at a higher rate than ordered at sentencing pursuant to a federal statute);

Hernandez, 204 F.3d at 864 ("petitions that challenge the manner, location or conditions of a [federal] sentence's execution must be brought pursuant to § 2241"); Montano-Figueroa, 162 F.3d at 549 (permitting a federal prisoner to challenge the BOP's policies concerning collection of court-ordered fines by way of a petition brought pursuant to 28 U.S.C. § 2241); see also Tucker, 925 F.2d at 332 (to the extent a federal prisoner challenges the fact or duration of his confinement a complaint should be construed as a § 2241 petition).[2]

For these reasons, the court concludes that petitioner's action is one to which habeas corpus may extend because it concerns his custody under the authority of the United States which is allegedly in violation of specific federal statutes governing the execution of his sentence. The court, therefore finds that it has subject matter jurisdiction over this action. Hellum v. Sanders, No. CV 09-05136-CAS (VBK), 2010 WL 2430762, at *2 (C.D. Cal. May 11, 2010) (rejecting an jurisdictional challenge identical to that posed here and finding subject matter jurisdiction under § 2241); Carraway v. Adler, No. 1:8-cv-01782-LJO-JLT HC, 2010 WL 289292, at *5 (E.D. Cal. Jan. 15, 2010) ("Thus, the Court concludes that federal courts have jurisdiction to entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to §2241."); Dominguez v. Adler, No. 1:09-cv-0255-JMD-HC, 2010 WL 121112, at *2 (E.D. Cal. Jan. 7, 2010) (rejecting an identical jurisdictional challenge to that posed here stating, "[i]n light of Rodriguez, the Court must conclude that jurisdiction is appropriate."); see also Peepers v. Sanders, No. CV 09-6647-DSF (AGR), 2010 WL 1330292, at *1, n.1 (C.D. Cal. Feb. 23, 2010) (concluding that where petitioner challenged the BOP's failure to approve a RDAP

---

[2] Respondent's jurisdictional argument is also unsupported by the language of the governing statute. Sections 2241(c)(1) and (3) provide that the writ of habeas corpus extends to a prisoner who "is in custody under or by color of" the authority of the United states as well as to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Unlike § 2255(a), which limits applications to those presented by prisoners "claiming the right to be released," § 2241 does not contain any such exclusions or limitations. Petitioner's claim in the instant case challenges the manner of execution of his sentence as being in violation of a specific federal statute and thus comes within the express terms of § 2241.

placement or release him to a halfway house, "[t]he court has jurisdiction over Petitioner's claims because they concern the manner, location or conditions of the execution of Petitioner's sentence") (citing Rodriguez v. Smith); Buonocore v. Ives, No. 2:07-cv-1164-GEB-JFM (HC), 2009 WL 559719, at *1 (E.D. Cal. Mar. 4, 2009) ("[I]t is not entirely clear that the decision in Ramirez completely vitiates the language in Hernandez suggesting § 2241 as an appropriate vehicle for a federal prisoner to challenge the location of confinement.")

   III.  Exhaustion

   Respondent next argues that the pending petition should be dismissed due to petitioner's failure to exhaust his administrative remedies. (Answer at 20-26.) In his petition petitioner conceded that, as of the date this action was filed, he had not exhausted his administrative remedies. (Pet. at 2.) However, he argued that exhaustion would be "futile" and "unnecessary" since the BOP's denial of his request was based on a "fixed, uniform national policy." (Id.) Subsequent to the filing of respondent's answer, petitioner notified the court that he had completed the exhaustion of his administrative remedies and had not been granted relief. (Doc. Nos. 15-16.)

   Federal prisoners must exhaust their administrative remedies prior to the filing of petition seeking relief pursuant to § 2241. E.g., Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Under this exhaustion doctrine, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." Laing, 370 F.3d at 998 (quoting McKart v. United States, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court in its discretion may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). The Ninth Circuit has explained the purposes served by this exhaustion requirement as follows:

/////

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert form; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of an administrative proceeding.

Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Exhaustion is not required if pursuing those administrative remedies would be futile. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

While petitioner did not initially exhausted his administrative remedies, he has subsequently complied with that requirement. The purposes of the exhaustion requirement, as expressed by the court in Ruviwat, have therefore been served, albeit belatedly. In any event, the court finds respondent's mootness argument to be persuasive and dispositive for the reasons set forth below. Accordingly, the court will exercise its discretion and excuse petitioner's failure to exhaust his administrative remedies prior to filing his petition.

    IV.  Mootness

As noted above, petitioner requested that he be evaluated for transfer to an RRC on October 7, 2008. (Resp't's Answer, Ex. 4 at 2.) That request was denied by the BOP on October 16, 2008 based on the BOP's policy, in effect at that time, of refusing to evaluate inmates for such placement until 17-19 months prior to their scheduled release date. (Id.) Petitioner seeks an order from this court directing the BOP to: (1) evaluate him for transfer to an RRC based on the specific factors outlined in 18 U.S.C. § 3621(b), without reference to 28 C.F.R. §§ 570.20 and 570.21 or the April 14, 2008 BOP memorandum; (2) evaluate him for routine transfer to a RRC without reference to 18 U.S.C. § 3624(c); and (3) evaluate him for transfer to an RRC without regard to his education, family ties, work experience, income and financial resources. (Pet. at 4.) Respondent asserts that subsequent changes to the BOP's policies with respect to the evaluation of prisoners for RRC placement has rendered petitioner's request for relief moot. (Answer at 27-28.)

6

Under 18 U.S.C. § 3261(b) the BOP has the authority to designate the location of an inmate's imprisonment. The BOP's policy prior to December 13, 2002, was to exercise its discretion in allowing prisoners to serve part or all of their term of imprisonment in an RRC. See Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008); Carraway, 2010 WL 289292 at *2. The Department of Justice, Office of Legal Counsel ended that practice, however, by issuing a legal opinion that § 3621(b) did not authorize inmate placement in an RRC for their entire term of imprisonment because such placement did not constitute imprisonment. Id. The subsequent changes to BOP policy have recently been summarized by another judge of this court as follows:

> The BOP changed its policy on December 20, 2002, by limiting an inmate's eligibility for placement in an RRC to six months or to the final ten percent of his sentence, whichever was shorter. *See Rodriguez,* 541 F.3d at 1182. The First and Eighth Circuits invalidated that policy because it failed to recognize the BOP's discretion to transfer an inmate to an RRC at any time, as provided in 3621. *See id.* at 1182-1183. In response, the BOP decided to exercise its discretion categorically to limit inmate's community confinement to the last ten percent of the prison sentence being served, not to exceed six months." *See id.* at 1183 (quoting 69 Fed.Reg. 51213). These rules were published at 28 C.F.R. §§ 570.20 and 570.21, and became effective on February 14, 2005. *See id.*
>
> On April 9, 2008, the President signed into law the "Second Chance Act," a bill which amends the text of 18 U.S.C. § 3624(c). The updated text of § 3624(c)(1) authorizes the BOP to consider placing inmates in RRCs for up to the final twelve months of their sentences, rather than the final six months. Section 3624(c)(4) also clarifies that nothing in § 3624 "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under § 3621." 18 U.S.C. § 3624(c)(4).
>
> On April 14, 2008, in response to the new legislation, the BOP issued a memorandum for Chief Executive Officers regarding "Pre-Release Residential Reentry Center Placements Following the Second Chance Act of 2007." [citation omitted]. This memorandum serves as the BOP's new interim policy and it explicitly rescinds 28 C.F.R. §§ 570.20 and 570.21, the regulations which Petitioner claims improperly restricted the BOP's discretion to place him at an RRC for more than six months.
>
> Under the new policy, inmates are to be individually considered for pre-release RRC placement using the following five factor criteria from 18 U.S.C. 3621(b), which are as follows:

7

>   (1) the resources of the facility contemplated;
>   (2) the nature and circumstances of the offense;
>   (3) the history and characteristics of the prisoner;
>   (4) any statement by the court that imposed the sentence
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate; and
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>   18 U.S.C. § 3621(b). The memorandum further provides that the BOP must now review inmates for pre-release placement seventeen to nineteen months before their projected release date. [citation omitted].
>
>   On September 4, 2008, the Ninth Circuit decided *Rodriguez,* holding that 28 C.F.R. §§ 570.20 and 570.21 were invalid because they conflicted with the Congressional intent of § 3621(b) that inmates be considered for placement in or transfer to an RRC based on the five factors contained in § 3621(b). *See Rodriguez,* 541 F.3d at 1187. The BOP therefore could not reference 28 C.F.R. § 570.20 and 570.21 in considering an inmate for RRC placement. Thus, under *Rodriguez,* the BOP has discretion to transfer an inmate to an RRC at any time. However, *Rodriguez* does not require the BOP, once it applies the factors of § 3621(b), to grant an inmate's request for immediate transfer to an RRC, nor does it require the BOP to afford an inmate any particular length of RRC placement. *See Berry v. Sanders,* 2009 WL 789890, at *6-*7 (C.D. Cal. March 20, 2009); *Guss v. Sanders,* 2009 WL 5196153, *4 (C.D. Cal. Dec. 29, 2009).
>
>   Finally, on November 14, 2008, the BOP, in a memorandum from the Assistant Director and General Counsel of the BOP entitled "Inmate Requests for Transfer to Residential Reentry Centers," issued guidance to staff for considering and responding to inmate requests for routine transfer to RRC's. [citation omitted]. When considering a transfer, "prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer." ( *Id.,* p. 2). In rendering its decision, staff must utilize the five factors outlined in § 3621(b), and staff "cannot, therefore, automatically deny an inmate's request for transfer to an RRC. Rather, inmate requests for RRC placement must receive individualized consideration ." ( *Id.*) The BOP may initiate such transfer at any time, and if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the [inmate's] next scheduled Program Review." ( *Id.).*

Carraway, 2010 WL 289292 at *2-3.

>   Thus there are two statutory bases for inmate transfer to an RRC, 18 U.S.C. §

8

3621(b) and 18 U.S.C. § 3624(c).

Under 18 U.S.C. § 3621(b), the BOP has *discretionary* authority to transfer an inmate to any available penal or correctional facility at any time *prior* to an inmate's pre-release RRC placement. 18 U.S.C. § 3621(b) ("The Bureau *may* at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.") (emphasis added); Rodriguez, 541 F.3d at 1185 ("Section 3621(b) specifically provides that the BOP has discretion to place an inmate into 'any available penal or correctional facility' and to 'direct the transfer of an inmate from one penal or correctional facility to another' 'at any time.'"). When the BOP does exercise its discretion to analyze whether to transfer an inmate, it must consider statutorily enumerated factors in § 3621(b). See 18 U.S.C. § 3621(b)(1)-(5); Rodriguez, 541 F.3d at 1186 ("[T]he unambiguously expressed intent of Congress conveyed in § 3621(b) . . . expressly instructs that all placement and transfer determinations take into consideration each of the five factors enumerated in the statute."). Under the BOP's November 14, 2008 guidelines if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the [inmate's] next scheduled Program Review." (See Answer Ex. 5 at 3.) In evaluating an inmate's request, staff must utilize the five factors outlined in 18 U.S.C. § 3621(b), and staff "cannot, therefore, *automatically* deny an inmate's request for transfer to an RRC." (Id. at 2.) "Rather, inmate requests for RRC placement must receive individualized consideration." (Id. at 2-3.)

Pursuant to 18 U.S.C. § 3624(c) however, the BOP *must* consider an inmate for *pre-release* transfer to an RRC for up to the final twelve months of his sentence. (See 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons *shall,* to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.")) (emphasis added).

Here, petitioner's October 2008 request that he be evaluated for transfer to a RRC was denied prior to the BOP's issuance of its November 2008 memorandum. Petitioner's request was denied based on the following reasoning:

> The BOP's central office has instructed its staff to review inmates for RRC placement when the inmate is 17-19 months from the inmate's projected release date. You currently have 76 months remaining to serve. Your request is denied. Thank you for your inquiry.

(Answer, Ex. 4 at 2.)

The authority for the denial's reference to RRC review occurring "17-19 months" before an inmate's projected release date is found in the BOP's April 14, 2008 memorandum, which provided guidance to BOP staff for RRC placement evaluations pursuant to 18 U.S.C. § 3624(c)(1). (See Answer Ex. 5 at 7) (informing staff that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.) It appears, therefore, that BOP staff evaluated petitioner for RRC placement pursuant to § 3624, under which petitioner was clearly not yet eligible. The BOP staff, however, apparently failed to also individually evaluate petitioner for transfer to an RRC pursuant to the BOP's discretionary authority under § 3621(b). The appropriate remedy for the BOP's failure in that regard would be to order the BOP to conduct an individualized consideration of petitioner for transfer to an RRC pursuant to § 3621(b).

However, on February 6, 2009, subsequent to the filing of this petition, petitioner submitted a request to be "evaluated for RRC placement as soon as possible." (Supplement to Petitioner's Rebuttal (Doc. No. 13) at 10.) On February 25, 2009, petitioner was individually evaluated for possible placement in a RRC pursuant to consideration of the five factors of § 3621(b). (Id. at 7, 9.) Moreover, petitioner's evaluation for transfer at that time was conducted without reference to 28 C.F.R. §§ 570.20 and 570.21, the April 14, 2008 BOP Policy Memorandum, 18 U.S.C. § 3624(c), and without regard to his education, family ties, work experience, income and financial resources. (Id.) Although the BOP case manager concluded

10

that petitioner would be referred for a RRC placement of 150 to 180 days and not the immediate placement requested by petitioner, the evaluation was conducted in keeping with the Ninth Circuit's holding in Rodriguez and the applicable statutory requirements. Because this February 25, 2009, evaluation provided petitioner all of the relief to which he could be entitled, respondent argues that the pending petition for relief has been rendered moot.

Mootness is a threshold jurisdictional issue. See Koppers Indus. v. E.P.A., 902 F.2d 756, 758 (9th Cir. 1990); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Sea-Land Service, Inc. v. International Longshoremen's and Warehousemen's Union, 939 F.2d 866, 870 (1991); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. "This means that throughout the litigation, the Plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

The jurisdiction of a federal court is limited to cases or controversies. U.S. CONST. ART. III, § 2; see also Public Utilities Commission v. Federal Energy Regulatory Commission, 100 F.3d 1451, 1458 (9th Cir. 1996). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. See also Spencer, 523 U.S. at 7 (injury must be "likely to be redressed 'by a favorable judicial decision.'"). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter at issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651 (1895). "If an event occurs that prevents the Court from granting effective relief the claim is moot and must be dismissed." American Rivers v. National Marine Fishery Services, 126 F.3d 1118, 1123 (9th Cir. 1997). See also Church of Scientology of Cal.,

11

506 U.S. at 12 (noting that a case becomes moot when it is "impossible for the court to 'grant any effectual relief whatever' to a prevailing party") (quoting Mills, 159 U.S. at 653); Cox v. McCarthy, 829 F.2d 800, 802-03 (9th Cir. 1987) (If a court is unable to render effective relief, it lacks jurisdiction and must dismiss the action.).

Here, petitioner seeks from this court an order directing the BOP evaluate him for transfer to an RRC based on the specific factors outlined in 18 U.S.C. § 3621(b), without reference to 28 C.F.R. §§ 570.20 and 570.21, the April 14, 2008, BOP Policy Memorandum, 18 U.S.C. § 3624(c), and without regard to his education, family ties, work experience, income and financial resources. On February 25, 2009, petitioner received all of the relief to which he could be entitled.

While petitioner undoubtedly disagrees with the BOP's determination resulting from this latest evaluation, the BOP has sole discretion to place an inmate into "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another . . . at any time." 18 U.S.C. § 3621(b); Rodriguez, 541 F.3d at 1185. The only limit to that discretion is that the BOP must undertake an individualized consideration of an inmate for placement in an RRC based on the five-factor criteria set forth at 18 U.S.C. § 3621(b), when requested, and must consider an inmate for pre-release transfer to an RRC for up to the final twelve months of his sentence. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c).

Here, after petitioner filed the petition pending before this court, he received the individualized consideration he sought and as required under 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). That consideration was without regard to 28 C.F.R. §§ 570.20 and 570.21 as required by Ninth Circuit law and BOP policy. While the outcome may not have been to petitioner's liking, he has already received the only relief that could properly be ordered by this court, i.e., an individualized consideration of his transfer request in accordance with §§ 3621(b) and 3624(c) and notwithstanding the limitations of 28 C.F.R. §§ 570.20 and 570.21. This petition seeking

habeas relief has, therefore, been rendered moot. See, e.g., Tanner v. Deboo, No. CIV S-07-123 FCD CHS P, 2009 WL 1026027, at *3 (E.D. Cal. Apr. 15, 2009), adopted, 2009 WL 145904 (E.D. Cal. May 26, 2009) (challenge to the BOP's calculation of duration of RRC placement mooted by a subsequent assessment complying with applicable law); Sparks v. Smith, No. 1:07-cv-01688-AWI-TAG HC, 2008 WL 2509435, at *4-5 (E.D. Cal. June 23, 2008), adopted, 2008 WL 4177736 (E.D. Cal. Sept. 8, 2008) (challenge to the BOP's prior placement decision rendered moot where the BOP had already conducted a second assessment in accordance with the Second Chance Act, providing all the relief the court could provide to petitioner); Safa v. Phillips, Civil Action No. 5:07CV154, 2008 WL 2275409, at *1 (N.D. W. Va. June 2, 2008) (BOP's individualized consideration of the petitioner's request for transfer to a CCC mooted the petitioner's challenge to § 570.21, even though the Bureau ultimately refused to transfer the petitioner); Chaves v. Wrigley, No. 1:07-cv-00194-AWI WMW HC, 2007 WL 4322785, at *1 (E.D. Cal. Dec. 7, 2007) (petition raising the same challenge presented here was found to be rendered moot where the petitioner was given individualized consideration, although court failed to note the outcome thereof); Carroll v. Smith, No. 1:07-cv-00222-LJO-TAG HC, 2007 WL 2900221, at *3 (E.D. Cal. Oct. 4, 2007), adopted, 2007 WL 3293404 (E.D. Cal. Nov. 5, 2007) (petition raising the same challenge presented here was found to be rendered moot where individualized consideration resulted in a finding that the petitioner would be placed in an RRC for only 30-40 days).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus (Doc. No. 1) is denied as moot and his motion for judgment (Doc. No. 16) is also denied .

Under Rule 11 of the Federal Rules Governing Section 2254 Cases the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant

1  has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
2  The court must either issue a certificate of appealability indicating which issues satisfy the
3  required showing or must state the reasons why such a certificate should not issue.  Fed. R. App.
4  P. 22(b).
5        For the reasons set forth above in denying the petition as moot, petitioner has not
6  made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of
7  appealability should not issue in this action.
8  DATED: June 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
burnham2522.hc